Steven FISHER, Plaintiff,

v.

CITY OF CINCINNATI, et al., Defendants.

No. C-1-90-0551.

United States District Court, S.D. Ohio, W.D.

Dec. 27, 1990.

Steven Ayers, Columbus, Ohio, Walter Zuk, Brian Hurley, Cincinnati, Ohio, for plaintiff.

William Gustavson, Donald Hardin, William Fischer, Gary Lewis, Cincinnati, Ohio, for defendants.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court upon a motion to quash a subpoena duces tecum issued on behalf of plaintiff Steven Fisher to non-party, Our Lady of Mercy Hospital–Anderson ("the Hospital"). (Doc. No. 10). Plaintiff seeks discovery of medical records, including the results of a blood-alcohol test, of non-party Kevin Schroeder for the treatment he received at the Hospital between May 7, 1989 through May 13, 1989. The Hospital requests a ruling preventing the discovery of these records. Also before the Court is Kevin Schroeder's motion to quash the subpoena duces tecum directed at the Hospital. (Doc. No. 13). Finally, to the extent that it requests production of his medical records, Schroeder has moved to quash a subpoena duces tecum issued on behalf of plaintiff to Arthur M. Ney, Hamilton County Prosecutor. (Doc. No. 17).

Schroeder and the Hospital raise the same arguments in support of non-disclosure of the medical records. Accordingly, this Court's determination of whether Schroeder's medical records are subject to discovery will dispose of both motions. Fisher and Schroeder concede that the Court's ruling on these motions will apply as well to Schroeder's motion to quash the subpoena duces tecum directed at Ney.

### Factual Background

On May 7, 1989, Schroeder, an off-duty Cincinnati police officer, voluntarily sought medical treatment at the Hospital for injuries sustained in a collision of his motor vehicle with a motor vehicle operated by Fisher. Thomas Wood, Jr., a passenger in Fisher's vehicle, died of injuries he sustained in that collision. Fisher brought this action pursuant to 42 U.S.C. § 1983 based on allegations of a cover-up by Cincinnati police officers and public officials of Schroeder's alleged intoxication at the time of the collision.

Fisher seeks disclosure of Schroeder's medical records including the results of a blood-alcohol test performed on May 7, 1989. No such test was ordered by the police investigating the collision but Schroeder voluntarily submitted to this test when he sought treatment at the Hospital. In a criminal prosecution of Schroeder in Hamilton County Municipal Court, these medical records were suppressed based on Schroeder's assertion that they were privileged under Ohio law. The D.U.I. charges against Schroeder were subsequently dropped. Later, charges against Schroeder for negligent vehicular homicide were brought in Hamilton County Court of Common Pleas. In that proceeding, the judge ordered the medical records suppressed on the basis of res judicata in light of the Municipal Court's ruling.

### Discovery of The Medical Records

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits parties to obtain discovery of those matters not privileged and which are relevant to the subject matter involved in the pending action. Neither Schroeder nor the Hospital contend that the medical records are irrelevant to Fisher's § 1983 action.[1] Rather, both assert that since such records are accorded a privilege under Ohio law, *State v. Smorgala,*

---

1. There is no merit to the movants' argument that production of these records will be unduly burdensome. The financial and logistical burdens of producing the medical records are negligible.

50 Ohio St.3d 222, 553 N.E.2d 672 (1990), this Court must defer and prevent discovery of the records in this action. The movants also argue that the doctrine of res judicata prevents disclosure since two state courts suppressed these records in criminal prosecutions of Schroeder. Finally, Schroeder maintains that production of these records would violate his right against self-incrimination secured by the Fifth Amendment of the United States Constitution.

### 1. The Question of Privilege

In federal court, the determination of what is privileged depends upon the dictates of Rule 501 of the Federal Rules of Evidence which provides:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

In a case presenting a federal question, in this instance § 1983, the applicability of a privilege is ascertained by reference to federal statutes and federal common law. *G.M.C. v. Director of Nat. Institute, Etc.*, 636 F.2d 163, 165 (6th Cir.1980), *cert. denied*, 454 U.S. 877, 102 S.Ct. 357, 70 L.Ed.2d 187 (1981); Wright & Graham, Federal Practice and Procedure: Evidence § 5433 at 856; *see also* Moore's Federal Practice 1989 Rules Pamphlet § 501.5 at 163. The *G.M.C.* Court concluded that the Ohio law of privilege could not prevent the disclosure of employee medical records during a "health hazard evaluation" conducted pursuant to 29 U.S.C. §§ 669, 671 of the Occupational Safety and Health Act of 1970. The Court of Appeals for the Sixth Circuit stated clearly that federal law controlled in a federal question case and that:

> The common law did not recognize a physician-patient privilege at all. *Whalen v. Roe*, 429 U.S. 589 at 602 n. 28, 97 S.Ct. 869, at 877 n. 28, 51 L.Ed.2d 64 ... (1977). Neither has Congress codified the concept in a federal statute. A decision in this case based on considerations of the physician-patient relationship would, in effect, expand the scope of the "federal common law." This we decline to do.

*G.M.C.*, 636 F.2d at 165.

Schroeder's medical records are not per se privileged in this § 1983 action. The movants contend that Schroeder's constitutional right to privacy will be abridged if the medical records are subject to discovery. Such a right, assuming it exists, is not absolute. *In re Zuniga*, 714 F.2d 632, 641 (6th Cir.), *cert. denied*, 464 U.S. 983, 104 S.Ct. 426, 78 L.Ed.2d 361 (1983). A Court should examine the potential conflict between the asserted right of access to medical records and the patient's right to privacy. *Whalen v. Roe*, 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977); *G.M.C.*, 636 F.2d at 166.

In this case, Fisher asserts—and the movants do not dispute—that the results of Schroeder's blood-alcohol tests have been widely disseminated in the public domain through the media. Against this backdrop, discovery of the medical records and their disclosure to plaintiff does not threaten to intrude upon Schroeder's privacy. The Court is also not convinced of the merits of the movants' "chilling effect" rationale. The contention that disclosure of medical records in this instance will dissuade other patients from confiding in their treating physicians strains credulity.

Finally, if the failure of the investigating police officers to order Schroeder to submit to a blood-alcohol test is, as plaintiff alleges, part of the cover-up perpetrated by defendants, such an omission should not in turn be used as a legal escape hatch, allowing defendants to evade liability. In sum,

the medical records are not accorded a privilege under federal law and their discovery does not compromise Schroeder's right to privacy nor the public's interest in promoting confidentiality in the physician-patient relationship.

### 2. The Doctrine of Res Judicata

■ There is no authority proffered by the movants for their assertion that this Court should give deference to both the Hamilton County Municipal Court's decision to suppress the medical records in a criminal prosecution of Schroeder and to the ruling of the Hamilton County Court of Common Pleas that it should abide by that decision despite the merits of the argument favoring admissability. This Court is not bound by evidentiary rulings in a state court proceeding and will not, in any event, restrict the discovery of information based on its potential admissability at trial. Fed. R.Civ.P. 26(b)(1).

### 3. The Fifth Amendment Privilege

■ Schroeder urges the Court to prevent discovery of the Hospital medical records based on his Fifth Amendment right against self-incrimination.[2] Medical records maintained by professional corporations are not personal papers protected by the Fifth Amendment privilege. *In re Zuniga,* 714 F.2d at 642. Schroeder released information voluntarily to the Hospital so no privilege attaches to the medical records. *See United States v. Doe,* 465 U.S. 605, 610, 104 S.Ct. 1237, 1241, 79 L.Ed.2d 552 (1984) ("[T]he Fifth Amendment protects the person asserting the privilege only from *compelled* self-incrimination.") Moreover, the United States Supreme Court has drawn a distinction between compelling "communications" or "testimony" to which the Fifth Amendment privilege attaches and "physical" or "real" evidence such as blood-alcohol tests, which is not privileged information. *South Dako-*

ta v. Neville, 459 U.S. 553, 559, 103 S.Ct. 916, 920, 74 L.Ed.2d 748 (1983) *citing Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

The disclosure of the Hospital medical records including the results of blood-alcohol tests performed on Schroeder does not violate Schroeder's Fifth Amendment right against self-incrimination.

### Conclusion

Motions filed by intervenors Kevin Schroeder and the Hospital to quash the subpoena duces tecum issued on behalf of plaintiff to the Hospital, directing it to release all medical records of Kevin Schroeder for treatment he received between May 7, 1989 and May 13, 1989, are without merit and are hereby DENIED. The motion filed by Kevin Schroeder to quash, to the extent that it requests production of Kevin Schroeder's medical records, the subpoena duces tecum issued by plaintiff to Arthur M. Ney, Hamilton County Prosecutor, is also DENIED for the reasons set forth herein.

IT IS SO ORDERED.

---

**2.** A valid assertion of the Fifth Amendment privilege requires a witness to demonstrate a reasonable cause to apprehend a real danger of incrimination. *In re Morganroth,* 718 F.2d 161, 167 (6th Cir.1983). Schroeder has asserted the privilege based on the fact that he "is currently

under indictment in Hamilton County, Ohio for offenses alleging operation of a motor vehicle under the influence of alcohol." That criminal prosecution has been concluded by jury verdict, removing the basis of Schroeder's assertion of privilege.