No. 65,840

WALLACE, SAUNDERS, AUSTIN, BROWN & ENOCHS, CHARTERED, *Appellant,* v. LOUISBURG GRAIN COMPANY, INC. and K-M LAND COMPANY, INC., *Defendants,* and SOUTHWEST NATIONAL BANK as Trustee for CITIES OF ARKANSAS CITY, KANSAS, and HESSTON, KANSAS, *Intervenors/Appellees.*

(824 P.2d 933)

Opinion filed January 17, 1992.

*Paul Hasty, Jr.*, of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, argued the cause, *Mark V. Bodine*, of the same firm, was with him on the brief for appellant.

*Margaret A. Gallagher*, of Watson, Ess, Marshall & Enggas, of Olathe, argued the cause, and *Thomas E. Ruzicka*, of the same firm, was with her on the brief for appellees.

The opinion of the court was delivered by

HERD, J.: The law firm of Wallace, Saunders, Austin, Brown & Enochs (Wallace-Saunders) failed to comply with the district court's order to compel the production of documents. The district court, therefore, struck Wallace-Saunders' pleadings and held

Wallace-Saunders' judgment lien for attorney fees shall not constitute a prior lien to any other judgment lien against Louisburg Grain Company, Inc. (Louisburg). The Court of Appeals affirmed the district court on August 2, 1991. *Wallace, Saunders, Austin, Brown & Enochs, Chtd. v. Louisburg Grain Co.*, 16 Kan. App. 2d 30, 818 P.2d 805 (1991) (hereinafter cited as *Wallace-Saunders*). We granted review.

This suit arises out of disputes between A. Scott Anderson, his wife E. Sylvia Anderson, and the City of Arkansas City (Arkansas City), the City of Hesston (Hesston), and the Southwest National Bank of Wichita (the Bank). Prior to 1980, Arkansas City and Hesston issued industrial revenue bonds to finance the purchase of real estate and the construction of motels. The Bank acted as fiscal agent for both cities. The Andersons and a business associate personally guaranteed the industrial revenue bonds. In 1982, the corporations responsible for lease payments defaulted on the bonds, prompting the Cities and the Bank to bring suit against the Andersons. *City of Arkansas City v. Anderson*, 243 Kan. 627, 628, 762 P.2d 183 (1988), *cert. denied* 490 U.S. 1098 (1989).

In July 1984, Arkansas City and the Bank were awarded a judgment in Cowley County for $2,604,029.49 plus interest against the Andersons. In October 1984, the Harvey County District Court entered a judgment in favor of Hesston and the Bank, and against the Andersons, for $585,000 plus interest. *City of Arkansas City*, 243 Kan. at 630. The Cities and the Bank have filed numerous suits in at least four counties in an effort to collect their judgments. This is at least the seventh case involving Louisburg, K-M Land Company, Inc. (K-M Land), A. Scott Anderson, and E. Sylvia Anderson to reach the appellate courts of Kansas and Missouri. *Wallace-Saunders*, 16 Kan. App. 2d at 31.

Wallace-Saunders filed a petition seeking a judgment of $34,426.32 for unpaid legal fees against Louisburg and K-M Land on December 21, 1988. Louisburg is owned in its entirety by K-M Land, which is owned in its entirety by A. Scott Anderson and his family members. *Wallace-Saunders*, 16 Kan. App. 2d at 33. Louisburg and K-M Land, appearing pro se, filed an answer stating in toto: "Defendant admits that the monies are due as claimed by the Plaintiffs, but the Defendant has no cash to pay."

On January 4, 1989, judgment was entered in favor of Wallace-Saunders.

In October 1989, Wallace-Saunders filed a request for a writ of special execution. On December 27, 1989, Wallace-Saunders filed a motion for order of sale and sent notice of sale to interested parties. On January 12, 1990, the Bank, acting as trustee for Arkansas City and Hesston, filed a motion to set aside the writ of special execution and to deny an order of sale.

The Cities and the Bank had registered their Harvey County judgment against A. Scott Anderson in Miami County in 1985. In 1986, they registered their Cowley County judgment against the Andersons in Miami County. In April 1989, the Cities and the Bank obtained a judgment in Harvey County against Louisburg and K-M Land in the amount of $116,119. This judgment was registered in Miami County on May 15, 1989. The Bank concedes Wallace-Saunders' judgment lien, if valid, is prior in time and, therefore, superior to the Cities' and the Bank's second judgment lien obtained in Harvey County.

The Bank's motion to set aside the writ of execution alleged, among other things, Wallace-Saunders had represented Louisburg, K-M Land, and the Andersons in prior actions brought by the Cities and the Bank and continued to represent them. The Bank further alleged Wallace-Saunders' action against Louisburg and K-M Land "constituted a collusive and improper attempt to defraud creditors" of Louisburg, K-M Land, and the Andersons and, thus, the action should be set aside. Finally, the Bank claimed:

"13. In addition, if plaintiff is not now and was never acting as defendant's attorney with regard to this matter, then communications between plaintiff and defendant relevant to the bona fides of this lawsuit are not privileged and are discoverable."

The district court agreed there was an appearance of fraud and set aside the writ of special execution. On May 22, 1990, the district court ordered the matter set for trial following a discovery conference.

In July 1990, the Bank filed a motion to compel the production of documents. The Bank had requested documents that Wallace-Saunders refused to produce, claiming the documents were protected by the attorney-client privilege. The Bank argued Wallace-

Saunders could not claim privilege on any communications be-
tween itself and Louisburg or K-M Land relating to Wallace-
Saunders' cause of action for attorney fees because Wallace-Saun-
ders was not acting as Louisburg and K-M Land's attorney.
Rather, any such communications constituted communications be-
tween a creditor and its debtor.

On August 9, 1990, the district court ordered Wallace-Saunders
to produce all correspondence to or from "A. Scott Anderson, E.
Sylvia Anderson, K-M Land Company and Louisburg Grain Com-
pany from January 1, 1987 through the current date." The district
court also ordered Wallace-Saunders to produce all time records
and "all written communications and notes relating to the em-
ployment agreement and contract" for the same time period.
Wallace-Saunders requested that the district court view these
documents in camera before releasing them to the Bank. This
request was denied.

Wallace-Saunders filed a motion for leave to file an interloc-
utory appeal from the denial of its motion for in camera inspec-
tion. The Bank responded to Wallace-Saunders' motion and in
addition filed a motion to strike Wallace-Saunders' motion for
order of sale on the grounds Wallace-Saunders refused to comply
with the district court's discovery order. After hearing oral ar-
guments, the district court denied Wallace-Saunders' motion to
file an interlocutory appeal. The district court granted the Bank's
motion to strike and held Wallace-Saunders' judgment against
Louisburg "shall not constitute a prior lien against real estate in
Miami County." Wallace-Saunders appeals this final order.

I

First, we will address Wallace-Saunders' contention that the
Bank's challenge to Wallace-Saunders' judgment lien was un-
timely. Wallace-Saunders claims the Bank's motion to set aside
the writ of special execution was out of time under K.S.A. 60-
260(b) because it was filed more than a year after the district
court entered judgment in favor of Wallace-Saunders on January
4, 1989. K.S.A. 60-260(b) states in part:

"On motion and upon such terms as are just, the court may relieve a
*party or said party's legal representative from a final judgment, order, or
proceeding* for the following reasons: . . . (3) fraud (whether heretofore
denominated intrinsic or extrinsic), misrepresentation, or other misconduct

of an adverse party . . . . The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the *judgment, order, or proceeding* was entered or taken. . . . This section does not limit the power of the court to . . . set aside a judgment for fraud upon the court." (Emphasis added.)

The Bank argued that the judgment in favor of Wallace-Saunders should be treated as a conveyance governed by K.S.A. 33-102. K.S.A. 33-102 provides in pertinent part:

"Every gift, grant or conveyance of lands, tenements, hereditaments, rents, goods or chattels, and every bond, *judgment or execution, made or obtained* with intent to hinder, delay or defraud creditors of their just and lawful debts or damages, or to defraud or to deceive the person or persons who shall purchase such lands, tenements, hereditaments, rents, goods or chattels, *shall be deemed utterly void and of no effect.*" (Emphasis added.)

The Court of Appeals held the Bank's motion was timely because it sought to set aside Wallace-Saunders' writ of execution. The writ was granted October 5, 1989, and the Bank filed its motion January 12, 1990, well within the one-year limit of K.S.A. 60-260(b). The Court of Appeals acknowledged K.S.A. 60-260(b) may not apply to this case because the statute "provides relief for parties but does not mention non-parties." Furthermore, the Court of Appeals found the Bank's action permissible and timely under K.S.A. 33-102. *Wallace-Saunders*, 16 Kan. App. 2d at 40-41.

We agree; the Bank filed its motion within the time allowed by K.S.A. 33-102. We, however, find K.S.A. 60-260(b) is inapplicable due to the fact the Bank was not a party to the order of execution it is attempting to set aside.

## II

Next, we address the question of whether the trial court abused its discretion in ordering Wallace-Saunders to produce all written communications between Wallace-Saunders and the Andersons, K-M Land, and Louisburg.

Any evidence is discoverable if it is relevant to the subject matter of the cause of action as long as the evidence is not privileged. K.S.A. 1990 Supp. 60-226(b)(1). If justice requires, the district court may issue a protective order limiting the scope of discovery. K.S.A. 1990 Supp. 60-226(c).

Wallace Saunders argues the documents requested by the Bank fall within the attorney-client privilege. K.S.A. 60-426 defines the attorney-client privilege, stating in part:

"(a) *General rule.* Subject to K.S.A. 60-437, and except as otherwise provided by subsection (b) of this section communications found by the judge to have been between [a] lawyer and his or her client in the course of that relationship and in professional confidence are privileged, and a client has a privilege . . . (2) to prevent his or her lawyer from disclosing it . . . . The privilege may be claimed by the client in person or by his or her lawyer . . . .

"(b) *Exceptions.* Such privileges shall not extend (1) to a communication if the judge finds that sufficient evidence, aside from the communication, has been introduced to warrant a finding that the legal service was sought or obtained in order to enable or aid the commission or planning of a crime or a tort . . . ."

As explained by the Court of Appeals, "[t]he attorney-client privilege applies only to communications made to an attorney in his capacity as a legal advisor." *Wallace-Saunders*, 16 Kan. App. 2d at 36 (citing *State v. Maxwell*, 10 Kan. App. 2d 62, 63, 691 P.2d 1316 [1984], *rev. denied* 236 Kan. 876 [1985]).

The Bank contends Wallace-Saunders cannot claim an attorney-client privilege on behalf of its clients—the Andersons and the companies—because the suit for attorney fees is fraudulent. See *In re A.H. Robins Co., Inc.*, 107 F.R.D. 2, 9 (D. Kan. 1985). This court has stated:

"[T]he· badges or indicia of fraud [in a fraudulent conveyance] are: (1) a relationship between the grantor and grantee; (2) the grantee's knowledge of litigation against the grantor; (3) insolvency of the grantor; (4) a belief on the grantee's part that the asset transferred by the grantor was the grantor's last asset subject to a Kansas execution; (5) inadequacy of consideration; and (6) consummation of the transaction contrary to normal business procedures." *City of Arkansas City*, 243 Kan. 627, Syl. ¶ 2.

The Bank claims it has made out· a prima facie case of fraud, thereby invoking the privilege exception found in K.S.A. 60-426(b)(1).

The Court of Appeals stated:

"The United States District Court of Kansas has considered what degree of proof is required to invoke the 'crime or fraud' exception of K.S.A. 60-426(b)(1). See *In re A.H. Robins Co., Inc.*, 107 F.R.D. 2 (D. Kan. 1985). In *Robins*, the court concluded that a prima facie showing of fraud was

required to invoke the exception. 107 F.R.D. at 8." *Wallace-Saunders*, 16 Kan. App. 2d at 37.

Other courts have come to the same conclusion as the *Robins* court. For example, Justice Cardozo wrote for the United States Supreme Court:

"We turn to the precedents in the search for an analogy, and the search is not in vain. There is a privilege protecting communications between attorney and client. . . . A client who consults an attorney for advice that will serve him in the commission of a fraud will have no help from the law. He must let the truth be told. There are early cases apparently to the effect that a mere charge of illegality, not supported by any evidence, will set the confidences free. [Citations omitted.] But this conception of the privilege is without support in later rulings. 'It is obvious that it would be absurd to say that the privilege could be got rid of merely by making a charge of fraud.' [Citation omitted.] To drive the privilege away, there must be 'something to give colour to the charge;' there must be '*prima facie* evidence that it has some foundation in fact.' [Citation omitted.] When that evidence is supplied, the seal of secrecy is broken." *Clark v. United States*, 289 U.S. 1, 15, 77 L. Ed. 993, 53 S. Ct. 465 (1933).

K.S.A. 60-426(b)(1) requires a finding of *sufficient evidence* of fraud to create any exception to the attorney-client privilege. We hold sufficient evidence is that which constitutes a prima facie case.

We have stated:

"Prima facie evidence denotes evidence which, if left unexplained or uncontradicted, would be sufficient to carry the case to the jury and sustain a verdict in favor of the plaintiff on the issue it supports." *Baker v. City of Garden City*, 240 Kan. 554, Syl. ¶ 3, 731 P.2d 278 (1987).

The district court and the Court of Appeals found that the Bank "made a showing that five of the six badges of fraud could probably be established." *Wallace-Saunders*, 16 Kan. App. 2d at 37. The missing badge is inadequacy of consideration, a significant omission. Therefore, the Bank seeks to discover evidence related to inadequacy of consideration. However, since lack of consideration is so significant to this case, the Bank's claim of fraud to justify discovery has failed. It did not present a prima facie case; thus, it cannot invoke the exception to the attorney-client privilege. All documents falling within the attorney-client privilege are protected from discovery, and the trial court's and Court of Appeals' rulings to the contrary are reversed.

The Bank next argues the attorney-client privilege is inapplicable to communications between Wallace-Saunders and the Andersons or their companies because such communications were not made in the law firm's capacity as a legal advisor. Wallace-Saunders admits it has represented the Andersons and the companies and continues to represent them on other matters, and claims their communications are privileged. The Court of Appeals, however, concluded Wallace-Saunders "was not acting, nor could it act, as attorney for Louisburg and K-M when it sued them to collect fees and obtained a judgment." *Wallace-Saunders*, 16 Kan. App. 2d at 38.

We agree. According to MRPC 1.7 (1991 Kan. Ct. R. Annot. 243) concerning conflicts of interest:

"(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or *by the lawyer's own interests*, unless:

(1) the lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents after consultation. . . ."

We, however, disagree with the broad statement of the Court of Appeals that "all communications are discoverable as ordered by the court". *Wallace-Saunders*, 16 Kan. App. 2d at 38. The district court ordered the production of all communications between Wallace-Saunders and the Andersons and the companies from January 1, 1987, to the present date. This order is not limited to the cause of action currently under consideration, but includes all communications dealing with disputes between the Andersons and Arkansas City, Hesston, and the Bank. It could encompass communications involving the Andersons and entities not a party to this action. Considering the Andersons', Louisburg's, and K-M Land's history of litigation with the Cities and the Bank, the district court's order could greatly prejudice the Andersons.

Our finding that the communications between the law firm and the Andersons or the companies are discoverable is limited to communications pertaining to matters in the case at bar, and no other, from January 1, 1987, to the present time. This case should be remanded to the district court, where an in camera inspection should be conducted by the court to determine relevancy of

documents in this case. Wallace-Saunders should produce all such documents for the court and should sort them, showing what is conceded to be discoverable and what it claims is privileged. The court then should make an order compelling production of all relevant documents exempt from the attorney-client privilege.

We feel impelled to emphasize that the attorney-client privilege is important to the administration of justice. For example, "[t]he observance of the ethical obligation of a lawyer to hold inviolate confidential information of the client not only facilitates the full development of facts essential to proper representation of the client but also encourages people to seek early legal assistance." MRPC 1.6 (1991 Kan. Ct. R. Annot. 239) (Kansas Comment). The privilege should not be set aside lightly. Any language in the Court of Appeals' decision inconsistent with this opinion is overruled.

## III

Finally, we must determine whether the district court abused its discretion in striking Wallace-Saunders' pleadings as a result of the law firm's failure to comply with the court's order to compel production of documents.

Sanctions for failing to obey a court order are governed by K.S.A. 60-237(b)(2), which provides in part:

"If a party . . . fails to obey an order to provide or permit discovery, . . . the judge before whom the action is pending may make such orders in regard to the failure as are just, and among others the following:
. . . .
(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."

We have stated: "Most of the cases in which a dismissal or a default judgment have been held proper sanctions involve parties who refuse or fail to follow a discovery order." *Burkhart v. Philsco Products Co.*, 241 Kan. 562, 578, 738 P.2d 433 (1987). Wallace-Saunders withheld documents against the district court's order. The Court of Appeals held the district court's decision to strike was not an abuse of discretion. *Wallace-Saunders*, 16 Kan. App. 2d at 39.

This presents a difficult question. Wallace-Saunders disobeyed the court's order, which should automatically require sanctions. However, because the order to produce was overbroad, Wallace-Saunders was placed in a most difficult situation after it was denied the right to perfect an interlocutory appeal. If it produced the privileged documents, the genie was out of the bottle incapable of being returned. Its client had no remedy. In light of this, we hold the order was an abuse of discretion and is reversed, reinstating plaintiff's pleadings.

The district court and the Court of Appeals are affirmed in part and reversed in part, and the case is remanded to the district court for further proceedings consistent with this opinion.

ABBOTT, J., not participating.

TERRY L. BULLOCK, District Judge, assigned.

McFARLAND, J., concurs in the result.