496

Mauricea KELLING, Plaintiff,

v.

BRIDGESTONE/FIRESTONE,
INC., et al., Defendants.

No. 93–1319–FGT.

United States District Court,
D. Kansas.

July 14, 1994.

Eric Witcher, Graybill & Richardson, Elk-
hart, KS, and John Hash, King, NC, for
plaintiff.

Paul McCausland, Young, Bogle, McCausland, Wells & Clark, Wichita, KS, for Bridgestone/Firestone, Inc.

## ORDER

REID, United States Magistrate Judge.

On May 9, 1994, defendant Firestone filed a motion for an order to allow the use of certain bank records for the purpose of the motion to disqualify counsel (Doc. 94). A related motion pertaining to bank records was filed June 30, 1994 (Doc. 110). A response was filed on May 17, 1994 and June 23, 1994 (Docs. 95–96, 108). The court has also referred to plaintiff's objections, filed on April 25, 1994 (Doc. 90).

The reasons set forth by plaintiff's counsel for objecting to the use of certain bank records are that the records in question are either privileged and/or not relevant. As to the first argument, plaintiff's counsel simply asserts that the records are "confidential".

▬▬ The burden of demonstrating the existence of a privilege is on the party claiming the privilege. *Barclaysamerican Corp. v. Kane,* 746 F.2d 653, 656 (10th Cir.1984); *Smith v. MCI Telecommunications Corp.,* 124 F.R.D. 665, 687 (D.Kan.1989). The party claiming the privilege must supply the court with sufficient information to enable the court to determine that each element of the privilege is satisfied. *F.T.C. v. Shaffner,* 626 F.2d 32, 37 (7th Cir.1980). A failure of proof as to any element of the privilege causes the claim of privilege to fail. *Bulk Lift Intern., Inc. v. Flexcon & Systems, Inc.,* 122 F.R.D. 482, 492 (W.D.La.1988). A blanket claim of the existence of the privilege is insufficient to meet the burden of proof. *In re Grand Jury Subpoena,* 831 F.2d 225, 228 (11th Cir.1987); *F.T.C. v. Shaffner,* 626 F.2d at 37. Plaintiff, beyond making a blanket claim of privilege or confidentiality, has failed to demonstrate how each element of the privilege is satisfied. Blanket claims of privilege or confidentiality are clearly insufficient to protect materials from disclosure.

▬▬ Plaintiff's counsel also argues that the records sought are not relevant. Relevancy has been defined as encompassing any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. Discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of this action. Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of this action. *Jones v. Commander, Kansas Army Ammunitions Plant,* 147 F.R.D. 248, 250 (D.Kan.1993); *Snowden v. Connaught Laboratories, Inc.,* 137 F.R.D. 325, 329 (D.Kan. 1991); *Gagne v. Reddy,* 104 F.R.D. 454, 456 (D.Mass.1984); *Roesberg v. Johns–Manville Corp.,* 85 F.R.D. 292, 296 (E.D.Pa.1980); *Miller v. Doctor's General Hospital,* 76 F.R.D. 136, 138–39 (W.D.Okla.1977).

The court does not find that the financial records sought are clearly irrelevant. Thus, the court will permit the use of the financial records in question for the limited purpose of the motion to disqualify counsel. Counsel and parties shall not utilize or disclose these records for any purpose other than in relation to the motion in this case.

IT IS THEREFORE ORDERED that defendant Bridgestone/Firestone, Inc. will be allowed to use the bank records for the limited purpose of the motion to disqualify counsel.

The next matter before the court is defendant's motion for the 1991 tax return of John Hash, filed June 3, 1994 (Doc. 102). A response was filed on June 23, 1994 (Doc. 108). Defendant seeks the return in order to determine the amount and nature of the disbursement in the *Workman v. Firestone* case to Joe Downs. The deadline for discovery on the motion to disqualify was May 11, 1994. The deposition of plaintiff's counsel was taken on May 2, 1994. Defendant did not request the tax return until May 12, 1994. However, an earlier production request (request number 3) is worded in such a fashion

that it would encompass the tax return for 1991.

■■ While discovery of tax returns are not privileged, the law disfavors their disclosure unless the tax returns are relevant to the subject matter of the litigation, and the information contained therein is not readily obtainable from other sources. *United States v. The Bonanno Organized Crime Family*, 119 F.R.D. 625, 627 (E.D.N.Y.1988); *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D.N.Y.1985); *Eastern Auto Distributors, Inc. v. Peugeot Motors of America, Inc.*, 96 F.R.D. 147, 148–49 (E.D.Va.1982). While the party seeking discovery of the tax returns bears the burden of establishing relevance, the party resisting disclosure should bear the burden of establishing alternative sources for the information. *Bonanno Organized Crime Family*, 119 F.R.D. at 627; *Eastern Auto Distributors, Inc.*, 96 F.R.D. at 149.

■ The tax return in question should provide relevant information on how the payment to Mr. Downs was treated for tax purposes. Mr. Hash, in his deposition, indicates that he had no other written records concerning the payment to Mr. Downs out of the settlement. Since Mr. Hash has set forth no alternative source for the information sought by the defendant, the tax return shall be provided.

IT IS THEREFORE ORDERED that the 1991 tax return of Mr. Hash shall be provided to defendant. Only those portions of the return relevant to the treatment of the disbursement to Mr. Downs from the settlement in *Workman v. Firestone* need be provided. The return shall be used solely for the purpose of the motion to disqualify counsel, and shall not be disclosed under any circumstances to anybody outside of the parties and counsel to this litigation.

Copies of this order shall be mailed to counsel of record for the parties.