Rebecca JONES, Plaintiff,

v.

The BOEING COMPANY, Defendant.

No. 94–1245–MLB.

United States District Court,
D. Kansas.

July 28, 1995.

Michael L. Snider, Snider & Seiwert, Wichita, KS, Roger G. Brown, Renee Terese Duffield, and Keith Wayne Brunstrom, Roger G. Brown & Associates, Jefferson City, MO, for plaintiff.

Mikel L. Stout, Gaye B. Tibbets, and Kelly W. Milligan, Foulston & Siefkin, Wichita, KS, for defendant.

## ORDER

REID, United States Magistrate Judge.

On May 5, 1995, defendant filed a motion to compel (Doc. 36–37). A response was filed on May 30, 1995 (Doc. 42–43). A reply brief was filed on June 12, 1995 (Doc. 47).

Defendant seeks from the plaintiff a notebook containing handwritten notes and other documents pertaining to meetings involving former Boeing employees. Defendant has sought since October 26, 1994 to obtain either the notebook or a privilege log. Plaintiff has failed to produce either.

Plaintiff's first argument is that defendant has failed to demonstrate the relevance of the information requested. The standards for relevance are set forth in *Kelling v. Bridgestone/Firestone, Inc.*, 157 F.R.D. 496, 497 (D.Kan.1994):

> Plaintiff's counsel also argues that the records sought are not relevant. Relevancy has been defined as encompassing any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. Discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of this action. Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of this action. *Jones v. Commander, Kansas Army Ammunitions Plant*, 147 F.R.D. 248, 250 (D.Kan.1993); *Snowden v. Connaught Laboratories, Inc.*, 137 F.R.D. 325, 329 (D.Kan.1991); *Gagne v. Reddy*, 104 F.R.D. 454, 456 (D.Mass.1984); *Roesberg v. Johns–Manville Corp.*, 85 F.R.D. 292, 296 (E.D.Pa.1980); *Miller v. Doctor's General Hospital*, 76 F.R.D. 136, 138–39 (W.D.Okla.1977).

The court finds that the information sought could be relevant to the subject matter of this action.

The second issue concerns plaintiff's failure to comply with Fed.R.Civ.P. 26(b)(5). That rule provides that:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as ·trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

This rule is in accordance with case law on the burden of establishing a privilege. This law was also summarized in *Kelling,* 157 F.R.D. at 497:

> The burden of demonstrating the existence of a privilege is on the party claiming the privilege. *Barclaysamerican Corp. v. Kane,* 746 F.2d 653, 656 (10th Cir.1984); *Smith v. MCI Telecommunications Corp.,* 124 F.R.D. 665, 687 (D.Kan.1989). The party claiming the privilege must supply the court with sufficient information to enable the court to determine that each element of the privilege is satisfied. *F.T.C. v. Shaffner,* 626 F.2d 32, 37 (7th Cir.1980). A failure of proof as to any element of the privilege causes the claim of privilege to fail. *Bulk Lift Intern., Inc. v. Flexcon & Systems, Inc.,* 122 F.R.D. 482, 492 (W.D.La.1988). A blanket claim of the existence of the privilege is insufficient to meet the burden of proof. *In re Grand Jury Subpoena,* 831 F.2d 225, 228 (11th Cir.1987); *F.T.C. v. Shaffner,* 626 F.2d at 37. Plaintiff, beyond making a blanket claim of privilege or confidentiality, has failed to demonstrate how each element of the privilege is satisfied. Blanket claims of privilege or confidentiality are clearly insufficient to protect materials from disclosure.

■ The very sketchy information provided by the plaintiff is woefully inadequate to meet their burden of proof. The attorney-client privilege protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor. *Matter of Grand Jury Subpoena Duces Tecum (Dorokee Company),* 697 F.2d 277, 278 (10th Cir.1983). Federal courts have consistently recognized that confidential communications by the attorney to a client also fall within the privilege. *See United States v. Amerada Hess Corp.,* 619 F.2d 980, 986 (3d Cir.1980); *Mead Data Central, Inc. v. U.S. Dept. of the Air Force,* 566 F.2d 242, 254 (D.C.Cir.1977); *Natta v. Hogan,* 392 F.2d 686, 692–93 (10th Cir.1968).

■ In order to be protected by the work product rule, the material must: 1) be a document or tangible thing, 2) which was prepared in anticipation of litigation, and 3) was prepared by or for a party, or by or for its representative. *Bohannon v. Honda Motor Company, Ltd.,* 127 F.R.D. 536, 538–39 (D.Kan.1989); *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.,* 105 F.R.D. 16, 41 (S.D.N.Y.1984).

The information provided does not begin to establish any of the elements of either privilege. For example, the presence of so many people, including non-parties, raises a legitimate issue as to whether the communications, and the notes of those communications, are confidential. How do these notes represent a "communication" between the plaintiff and her attorney?" What is the basis for showing that they were prepared in "anticipation of litigation?" In addition, there is a serious question whether plaintiff had even retained counsel when the meetings took place. For example, the deposition of Steven Jones, plaintiff's husband, indicates that at one of the meetings the group discussed the "need to get a lawyer. And we were trying to figure out what lawyers to get (S. Jones depo. at 117)." He further indicates that the last of the meetings was held "after we got a lawyer (S. Jones depo. at 120)." Thus, there are serious questions about whether the notes and documents about the meeting are protected under either privilege.

■ Plaintiff complains that the rule does not require a log for each document, noting the burden of such a requirement. However, the clear language of the rule does require a showing of privilege as to each document. In past cases, when voluminous documents are in issue, the court has permitted the documents to be described by categories; i.e., a party could indicate a number of letters from counsel to the client and the beginning and ending dates of those letters without listing each individual letter, and then could indicate why they are privileged. However, the bottom line is that the party claiming the privilege must establish the existence of that privilege.

IT IS THEREFORE ORDERED that the motion to compel is granted. The documents sought shall be turned over by August 15, 1995.