Bonnie **KRENNING**, Plaintiff,

v.

**HUNTER HEALTH CLINIC, INC.**, et al., Defendants.

Tara Leipold **FROST**, Plaintiff,

v.

**HUNTER HEALTH CLINIC, INC.**, et al., Defendants.

Nos. 94–1169–MLB, 94–1440–MLB.

United States District Court, D. Kansas.

Jan. 9, 1996.

**34**

Patricia M. Dengler, Brown, Dengler, Good & Rider, L.C., Wichita, KS, for Bonnie Krenning and Tara Leipold Frost.

J. Michael Kennalley, Hershberger, Patterson, Jones & Roth, Wichita, KS, for Hunter Health Clinic, Inc.

Stephen E. Robison, Susan P. Selvidge, Fleeson, Gooing, Coulson & Kitch, L.L.C., Wichita, KS, Timothy J. Finnerty, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Wichita, KS, Susan G. Saidian, Alvin

D. Herrington, McDonald, Tinker, Skaer, Quinn & Herrington, Wichita, KS, for Bert G. Steeves.

Todd N. Tedesco, Foulston & Siefkin, Wichita, KS, Alan L. Rupe, Morrison & Hecker L.L.P., Wichita, KS, Jeff A. VanZandt, Patterson, Nelson, Nolla & Witteman, L.C., Wichita, KS, for Vernon Dyer, M.D.

## ORDER

REID, United States Magistrate Judge.

There are three motions pending before the court: (1) plaintiff's motion to compel, filed on November 27, 1995 (Doc. 124), (2) defendant Steeves' motion for a protective order, filed on December 14, 1995 (Doc. 126), and (3) defendant Hunter Health Clinic, Inc.'s motion for a protective order, filed on December 14, 1995 (Doc. 128). These motions were referred to this court for a ruling on January 5, 1996.

■ The first issue in dispute is the discoverability of the financial records of Hunter Health Clinic from 1992 to the present. Plaintiffs are seeking punitive damages in these cases. Plaintiffs have clarified their request by indicating that they seek balance sheets and the income and expense reports for the time period in question.

■ This court has held that a plaintiff need not establish a *prima facie* case on the issue of punitive damages before it can obtain pretrial discovery of defendant's financial statements and tax returns. *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 152 (D.Kan.1990). It is sufficient for plaintiffs to show that his or her claim is not spurious in order to be entitled to discovery of defendant's financial condition. *Id.* The court finds that plaintiffs have alleged sufficient facts to make claims for punitive damages. Therefore, the financial statements sought by the plaintiffs must be provided.

■ The second issue before the court concerns the production of minutes from the meetings of the Board of Directors of the Hunter Health Clinic from January 1993 to August 1993. Defendant Clinic has provided redacted portions of those minutes, but as-

serts that the portions not produced are protected under the attorney-client privilege and/or the work product rule. It appears that defendant has made little more than a blanket claim of privilege, which is contrary to the requirements of Fed.R.Civ.P. 26(b)(5). This court has clearly set forth the burden of proof which must be met when a claim of privilege is made. *Jones v. Boeing Co.*, 163 F.R.D. 15, 17 (D.Kan.1995); *Kelling v. Bridgestone/Firestone, Inc.*, 157 F.R.D. 496, 497 (D.Kan.1994). At no point has the defendant set forth how each element of the claim of privilege is satisfied for each portion of those minutes which they have failed to produce.

■ In the alternative, defendants seek to have the court conduct an *in camera* review of the minutes. Plaintiffs also request that this court conduct an *in camera* inspection of the documents sought by the defendant. However, the very purpose of Fed.R.Civ.P. 26(b)(5) is set out in the 1993 advisory committee notes: "[p]roviding information pertinent to the applicability of the privilege or protection should reduce the need for in camera examination of the documents." *In camera* procedures should be a rare procedure in discovery disputes. Such a procedure requires a great deal of a court's time and energy; the party asserting the privilege should provide the justification for withholding a document instead of handing over documents and waiting for the court to do their work for them. *Richey v. Chappell*, 572 N.E.2d 1338, 1340 (Ind.Ct.App.1991); *aff'd in relevant part*, 594 N.E.2d 443, 445, 447 (Ind. 1992). Therefore, the court will not conduct an *in camera* inspection of the documents. Defendants must prepare a privilege log for each portion of the minutes which they claim is privileged. That log must comport with Fed.R.Civ.P. 26(b)(5) and the requirements set out in *Jones.* That log must be provided to plaintiffs' counsel by January 29, 1996. After receiving this information, counsel for the parties must meet and confer in an effort to resolve this dispute. If counsel fail to reach agreement, then plaintiffs have until February 20, 1996 to file a renewed motion to compel.

■ The third issue before the court concerns production of the quality review panel report. Apparently, plaintiffs have not sought production of the report through a formal discovery request; however, it has been sought informally and at the Rule 26(f) conference. Therefore, the matter will be addressed by the court.

Defendants claim that the report is protected by the work product rule and the attorney-client privilege. However, even assuming that the report is otherwise privileged, Exhibit D of Doc. 132 clearly indicates that any claim to privilege is waived based on the press release and the subsequent article in the *Wichita Eagle* (Doc. 124, Exh. K). A party can't selectively chose which portions of a document to release to the public and which portions it wishes to assert a privilege. Therefore, the report must be produced.

■ The fourth issue concerns a written statement from a witness, Frances Hanan, taken by counsel for the Clinic shortly after the alleged incident. In response to an investigation by the Kansas Human Rights Commission (KHRC), the Clinic forwarded to the KHRC a statement taken from another witness and the attorney's memo concerning the witness' statements. Given that the Clinic has disclosed a memo by counsel concerning the statements taken, they have waived any claim of privilege, even assuming that the claim of privilege is valid. In addition, since the Clinic has already disclosed other contemporaneous statements and memos, they have waived any claim of privilege on the subjects covered by those communications. *United States v. Western Electric Co., Inc.*, 132 F.R.D. 1, 2–3 (D.D.C.1990). Therefore, the statement must be produced.

■ The final issue before the court concerns the production of the personnel files of Bert Steeves and Vernon Dyer. Mr. Steeves is the chief executive officer and director of the clinic. Mr. Dyer is the individual who is alleged to have inappropriately touched Ms. Frost. There is no doubt given the position of these two individuals that their personnel files could likely contain relevant information. Furthermore, defendants have failed to demonstrate that personnel files, in general, are protected by any federal or state privilege.

**36**

Unlike many of the cases cited, these are private personnel files, not the personnel files for a government agency. Nonprivileged information is discoverable so long as it is reasonably calculated to lead to the discovery of admissible evidence. *Mason v. Stock*, 869 F.Supp. 828, 831 (D.Kan.1994). In the absence of a recognized privilege, the personnel files must be produced.

IT IS THEREFORE ORDERED that the motion to compel (Doc. 124) is granted in part, as set forth above. However, disclosure of the materials may be subject to a protective order agreed upon by counsel.

IT IS FURTHER ORDERED that the motions for protective order (Doc. 126, 128) are denied.