**ERA FRANCHISE SYSTEMS, INC., Plaintiff,**

**v.**

**NORTHERN INSURANCE COMPANY OF NEW YORK, Defendant.**

**No. CIV. A. 97–2592–GTV.**

United States District Court, D. Kansas, Kansas City Division.

Oct. 19, 1998.

---

Lynn W. Hursh, Casey O. Housley, Armstrong, Teasdale, Schlafly & Davis, Kansas City, MO, for plaintiff.

Michael A. Childs, Jerry W. Brumfield, Brown & James, P.C., Kansas City, MO, for defendant.

### MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

Under consideration is Defendant's Motion to Compel Discovery (doc. 15). Pursuant to Fed.R.Civ.P. 37, defendant seeks an order to compel plaintiff to answer Interrogatory 2 of its First Interrogatories and produce all documents responsive to Request 2 of its First Request for Production of Documents. Plaintiff opposes the motion.

In this action for declaratory judgment plaintiff seeks to determine that defendant is

obligated to defend and to pay its defense fees and costs incurred in underlying litigation in California. (Compl. for Decl. J. & Other Relief, doc. 1.) Request 2 asks plaintiff to "[p]roduce all fee bills or other records reflecting the amount of attorney's fees you are claiming as damages in this lawsuit." Plaintiff asserts the attorney-client privilege in response to the request.

"In federal court, the determination of what is privileged depends upon the dictates of Rule 501 of the Federal Rules of Evidence." *Fisher v. City of Cincinnati,* 753 F.Supp. 692, 694 (S.D.Ohio 1990). It provides that

> [e]xcept as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

"[F]ederal courts narrowly construe *all* privileges, whether of constitutional, common-law, or statutory origin." *Everitt v. Brezzel,* 750 F.Supp. 1063, 1066 (D.Colo.1990). "Whatever their origins, these exceptions to the demand for every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for the truth." *United States v. Nixon,* 418 U.S. 683, 710, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974) (unanimous decision).

"By operation of Fed.R.Evid. 501, state law governs any privilege claims in this diversity action." *Pacific Employers Ins. Co. v. P.B. Hoidale Co.,* 142 F.R.D. 171, 173 (D.Kan.1992). Kansas law defines the scope of the attorney-client privilege applicable in this case. The essential elements of the privilege are:

> (1) Where legal advice is sought (2) from a professional legal advisor in his capacity as such, (3) the communications made in the course of that relationship (4) made in confidence (5) by the client (6) are permanently protected (7) from disclosures by the client, the legal advisor, or any other witness (8) unless the privilege is waived.

*State v. Maxwell,* 10 Kan.App.2d 62, 63, 691 P.2d 1316, 1319 (1984) (citation omitted); *see also,* K.S.A. 60–426 (1994).[1] The privilege "protects confidential communications made by a client to an attorney in order to obtain legal assistance from the attorney in his or her capacity as a legal advisor." *United States v. Waugh,* 974 F.2d 1346, No. 91–5101, 1992 WL 201076, at *4 (10th Cir. Aug.14, 1992) (Table, text on Westlaw) (citing *Fisher v. United States,* 425 U.S. 391, 403, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976)). " '[C]ommunication' includes advice given by the lawyer in the course of representing the client and includes disclosures of the client to a representative, associate or employee of the lawyer incidental to the professional relationship." K.S.A. 60–426(c)(2).

Parties objecting to discovery on the basis of the attorney-client privilege bear the burden of establishing that it applies. *Boyer v. Board of County Comm'rs,* 162 F.R.D. 687, 688 (D.Kan.1995). They must make a "clear showing" that the asserted objection applies. *Ali v. Douglas Cable Communications, Ltd. Partnership,* 890 F.Supp. 993, 994 (D.Kan.1995). To carry the

---

**1.** Whether the court applies federal or Kansas law generally makes no difference in determining whether the attorney-client privilege applies. *See Great Plains Mut. Ins. Co. v. Mutual Reinsurance Bureau,* 150 F.R.D. 193, 196 n. 3 (D.Kan. 1993) (citing K.S.A. 60–426; *Wallace, Saunders, Austin, Brown & Enochs, Chtd. v. Louisberg Grain Co.,* 250 Kan. 54, 824 P.2d 933 (1992)). "[T]he Kansas statute concerning the attorney-client privilege and its exceptions is typical of the laws of other jurisdictions." *In re A.H. Robins Co.,* 107 F.R.D. 2, 8 (D.Kan.1985) (citation omitted). "Certain general propositions appear applicable under both federal and Kansas law." *Marten v. Yellow Freight Sys., Inc.,* No. Civ.A. 96–2013–GTV, 1998 WL 13244 (D.Kan. Jan. 6, 1998). The court will thus at times utilize federal case law when no conflict appears to exist between federal and Kansas law.

burden, they must describe in detail the documents or information to be protected and provide precise reasons for the objection to discovery. *National Union Fire Ins. Co. v. Midland Bancor, Inc.*, 159 F.R.D. 562, 567 (D.Kan.1994). They must provide sufficient information to enable the court to determine whether each element of the asserted privilege is satisfied. *Jones v. Boeing Co.*, 163 F.R.D. 15, 17 (D.Kan.1995). A claim of privilege fails upon a failure of proof as to any element. *Id.* A "blanket claim" as to the applicability of a privilege does not satisfy the burden of proof. *See Kelling v. Bridgestone/Firestone, Inc.*, 157 F.R.D. 496, 497 (D.Kan.1994).

In federal litigation, furthermore, parties withholding discovery on grounds of attorney-client privilege must comply with Fed.R.Civ.P. 26(b)(5). It provides:

When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Plaintiff has made no showing that the attorney-client privilege applies. It has not satisfied the requirements of Fed.R.Civ.P. 26(b)(5). Bald assertions do not suffice. Citing *Clarke v. American Commerce National Bank*, 974 F.2d 127 (9th Cir.1992) it states that "[a]ttorney fee bills and other documents are protected by the attorney-client privilege where information sought within the documents is privileged." (Pl.'s Resp. to Def.'s Mot. Compel Disc., doc. 16.) The circular statement proves nothing with regards to the documents at issue here. It merely states the obvious that documents are privileged when information within them is privileged. *Clarke* does not hold that attorney fee bills and other similar documents are *per se* privileged. It recognizes the general rule that not all communications between attorney and client are privileged, in-

cluding "the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed." 974 F.2d at 129. It also recognizes that "correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege." *Id.* The court ultimately concluded that the attorney-client privilege did not protect the billing statements from discovery. *Id.* at 130.

Citing *United States v. Anderson (In re Grand Jury Subpoenas)*, 906 F.2d 1485, 1492 (10th Cir.1990), plaintiff states that "[f]ee documents have been recognized as having the potential for revealing confidential information in violation of the attorney-client privilege." (Pl.'s Resp. to Def.'s Mot. Compel Disc.) This statement proves nothing about the documents here in question. Although the Tenth Circuit Court of Appeals has stated that "disclosing the actual fee contracts has the potential for revealing confidential information along with unprotected fee information," it merely remanded the issue to the district court to determine whether "the fee contracts contain any confidential communications that are protected by the attorney-client privilege." *In re Grand Jury Subpoenas*, 906 F.2d at 1492. It did not hold that fee documents are *per se* privileged. It held that except in "those rare circumstances in which the payment of the fee itself is unlawful or where an actual client paid the fee and sought advice concerning the actual case under investigation ... fee arrangements are not protected by the attorney-client privilege." *Id.* Information regarding the fee arrangement is generally not privileged, because it is not "normally part of the professional consultation." *Id.* Although "payment of a fee to an attorney is necessary to obtain legal advice, disclosure of the fee arrangement does not inhibit the normal communications necessary for the attorney to act effectively in representing the client." *Id.*

Applying the privilege laws of Kansas, the District of Kansas has addressed the issue of

the status of fee information with regards to the attorney-client privilege. *White v. GMC,* No. Civ.A. 88–2053–S, 1990 WL 47437, at *1 (D.Kan. Mar. 13, 1990). It held:

> Under Kansas law, the names of an attorney's clients is not privileged. Although the court is not aware of any Kansas case definitively addressing the issue of the status of fee information *vis-a-vis* the attorney-client privilege, the general rule is that information regarding clients' fees is not protected by attorney-client privilege because payment of fees is not a confidential communication between attorney and client.
>
> The reason for this general rule is twofold. First, fee arrangements are viewed as merely incidental to the attorney-client relationship and do not usually involve disclosure of confidential communications arising from the professional relationship. Second, because the attorney-client privilege restricts the availability of relevant information to a fact-finder, the privilege should apply only where necessary to achieve its purpose: protecting disclosures made to obtain legal advice which might not have been made absent the existence of the privilege. The court notes that the federal circuits are uniformly in accord regarding the nonprivileged status of a client's identity and attorney-client fee arrangements.

*Id.* (citations omitted).

Plaintiff has the burden to demonstrate the applicability of the attorney-client privilege. It cannot satisfy the burden by mere assertions that courts have recognized that documents similar to those requested here have the potential to contain privileged information. It must demonstrate, with evidence short of revealing privileged information, that the documents here in question contain privileged information. Plaintiff fails to satisfy its burden. It shall produce all documents responsive to Request 2.

Interrogatory 2 states: "For allegations made in paragraphs 10, 15, 19, 21, and 25 of your Complaint for Declaratory Judgment and Other Relief, state the factual basis for those allegations, name the person with knowledge or purporting to have knowledge regarding the allegations, and identify any records thereto." Plaintiff objected in response to the interrogatory that it calls for information protected by the work-product doctrine. In response to the motion plaintiff suggests that the interrogatory is overly broad, vague, and burdensome, "because it calls for information protected by the work-product doctrine, as well as every other conceivable fact or theory known to ERA."

■ Asserting an objection of work product to an interrogatory does not preserve objections that the interrogatory is overly broad, vague, or unduly burdensome. The objections are distinct. Plaintiff has waived the objections that Interrogatory 2 is overly broad, vague, and unduly burdensome. It did not timely assert them in response to the interrogatory. The court generally deems untimely asserted objections as waived.

■ The court, furthermore, finds no merit to the objection of work product. Plaintiff has failed to comply with Fed. R.Civ.P. 26(b)(5). The work-product doctrine, furthermore, protects only documents and tangible items. *Jones v. Boeing Co.,* 163 F.R.D. 15, 17 (D.Kan.1995). "Interrogatories, by their nature, do not seek documents or tangible things." *Mackey v. IBP, Inc.,* 167 F.R.D. 186, 200 (D.Kan.1996). Unless an interrogatory specifically asks for the content of a document protectable as work product, it is inappropriate to raise an objection of work product against an interrogatory, which includes no request for production of documents. *Id.; Mike v. Dymon, Inc.,* No. Civ.A. 95–2405–EEO, 1996 WL 674007, at *9 (D.Kan. Nov. 14, 1996). The interrogatory here at issue contains no request for production. It does not specifically ask for the content of a document protected by the work-product doctrine. Accordingly, the court overrules the objection of work product, as invalid against the interrogatory. Plaintiff, furthermore, has not demonstrated its applicability. It has not complied with Fed.R.Civ.P. 26(b)(5). It shall fully answer Interrogatory 2.

The sustaining of a motion to compel invites consideration of Fed.R.Civ.P. 37(a)(4)(A). It provides:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified or that other circumstances make an award of expenses unjust.

In accordance with this rule, the court grants plaintiff and its counsel twenty days from the date of this order to show why the court should not direct either or both of them to pay defendant its reasonable expenses incurred upon the motion. Within fifteen days of the date of this order, defendant shall file with the court an affidavit of time and expenses so incurred.

For the foregoing reasons, the court sustains Defendant's Motion to Compel Discovery (doc. 15). Within twenty days of the date of this order, plaintiff shall fully answer Interrogatory 2 of Defendant's First Interrogatories and produce all documents responsive to Request 2 of its First Request for Production of Documents. Such production shall take place at the offices of defense counsel located at 1900 City Center Square, 1100 Main, Kansas City, Missouri or any other location agreed upon by the parties. The court defers ruling on sanctions, until plaintiff and its counsel have had their opportunity to be heard in accordance with Fed. R.Civ.P. 37(a)(4)(A).

IT IS SO ORDERED.