**Heather CARTY, Plaintiff,**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS and Cain Magras, Defendants.**

**No. CIV.1999/144.**

District Court, Virgin Islands, Appellate Division, D. St. Croix.

Oct. 10, 2001.

**ORDER REGARDING DEFENDANT MAGRAS' "PRIVILEGE LOG UNDER SEAL"**

RESNICK, United States Magistrate Judge.

By Order dated September 6, 2001, the Court ordered that Defendant Magras pro-

vide certain responses to Plaintiff's written discovery requests. With regard to *inter alia* Interrogatory No. 31 and Demands for Production Nos. 6 and 31, the Court provided that, "To the extent Magras maintains any such information is privileged, he must comply with Fed.R.Civ.P. 26(b)(5)."

On October 1, 2001, Magras filed a "Notice of Filing Defendant Magras' Privilege Log Under Seal" and "Defendant Magras' Privilege Log Under Seal." A copy of the privilege log under seal was apparently not served on Plaintiff.

A party to litigation has no authority to "self-seal" a document absent court order. Even when stipulated to by adverse parties, the Court must weigh any interests in confidentiality against that of the public to open court records. *Champion v. The Superior Court*, 201 Cal.App.3d 777, 786–87, 247 Cal.Rptr. 624 (1988). See also: *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 165 (3d Cir.1993); *Citizens First National Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999).

Further, by not providing a copy of such privilege log to Plaintiff, Magras has negated the very purpose of Rule 26(b)(5), i.e. "...describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."

In any event, the privilege log provided is wholly inadequate. In such log, Magras only states that with regard to Demand No. 6 and 31 and Interrogatory No. 31 (undifferentiated), a private investigator's report, attorney notes, and the content of Magras' conversation with ten (10) listed persons are privileged. Magras provides no dates, no subject matter of the communications and no description of the particular privilege claimed regarding the particular documents or conversations.

Under Rule 26(b)(5), the party asserting the privilege or protection must specifically identify each document or communication and the type of privilege or protection being asserted in a privilege log.

To properly demonstrate that a privilege exists, the privilege log should contain a brief description or summary of the contents of the document, the date the document was prepared, the person or persons who prepared the document, the person to whom the document was directed, or for whom the document was prepared, the purpose in preparing the document, the privilege or privileges asserted with respect to the document, and how each element of the privilege is met as to that document....The summary should be specific enough to permit the court or opposing counsel to determine whether the privilege asserted applies to that document.

*Smith v. Dow Chemical Co. PPG et al.* 173 F.R.D. 54, 57–58 (W.D.N.Y.1997) [internal citations omitted]. See also, *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 680 (D.Kan.2000). *In Re: Pfohl Brothers Landfill Litigation*, 175 F.R.D. 13, 20–21 (W.D.N.Y.1997); *First American Corp. v. Al–Nahyan*, 2 F.Supp.2d. 58, 63 n. 5 (D.C.1998); *Jones v. Boeing Co.*, 163 F.R.D. 15, 17 (D.Kan.1995).

Accordingly, it is hereby;

**ORDERED** as follows:

1. Defendant Magras' privilege log filed October 1, 2001 is not under seal.

2. Defendant Magras shall forthwith provide Plaintiff with a copy of such privilege log.

3. Defendant Magras shall serve and file an amended privilege log in accordance with this Order by October 15, 2001.