**John Richard Ludbrooke
YOUELL, Plaintiff,**

v.

**Cynthia GRIMES, et al., Defendants.**

**No. 00–2207–JWL.**

United States District Court,
D. Kansas.

April 13, 2001.

Mark A. Shaiken, David E. Everson, Jr., Greta Ann McMorris, Stinson, Mag & Fizzell, P.C., Kansas City, MO, Nancy K. Tordai, Anastasia Markakis Nye, Kari A. Timm, Hanson & Peters, Barrington, IL, for plaintiff.

John J. Miller, Thomas M. Franklin, Kansas City, MO, for defendants.

### *MEMORANDUM AND ORDER*

WAXSE, United States Magistrate Judge.

This matter is before the Court on the following motions: (1) Defendants' Motion to Compel Initial Disclosures (doc. 47–1); (2) Defendants' request for sanctions incurred in filing the Motion to Compel Initial Disclosures (doc. 47–2); (3) Plaintiff's cross-request for sanctions incurred in responding to Defendants' Motion to Compel Initial Disclosures (doc. 59); (4) Defendants' Motion to Compel Production of Documents (doc. 101); (5) Plaintiff's Motion to Strike Defendants' Motion to Compel Initial Disclosures (doc.

110); and (6) Plaintiff's Motion for Sanctions for Disclosing Confidential Information in a Public Filing (doc. 110).

A hearing was held on these motions on February 21, 2001. Plaintiff Richard Ludbrooke Youell ("Youell") appeared through counsel Nancy Tordai and David E. Everson, Jr. Defendants appeared through counsel Thomas M. Franklin and John J. Miller.

## I. Background Information Regarding These Motions

Shortly before the deadline for serving initial Rule 26(a)(1) disclosures, Defendants' counsel wrote to counsel for Youell, setting forth various categories of documents that defense counsel expected to see identified in Youell's disclosures. Youell served his disclosures on Defendants on August 30, 2000. Immediately after receiving Youell's disclosures, defense counsel wrote to Youell's counsel again, requesting that Youell disclose eight different categories of documents that Defendants maintained should have been identified in the initial disclosures.

On October 19, 2000, Youell's counsel responded to defense counsel, informing him that Youell would treat the eight categories of documents as requests for production of documents. Youell's counsel then provided Defendants with specific objections to each of those eight requests, but indicated that Youell would produce all non-privileged documents responsive to the requests and provide a privilege log. When Youell did not immediately produce the documents or provide the privilege log, Defendants filed the instant Motion to Compel Initial Disclosures on October 30, 2000, asserting that Youell had failed to disclose numerous individuals and documents that Defendants believed should · have been disclosed.

Youell subsequently produced numerous documents and submitted a lengthy privilege log. Defendants found both the production and privilege log incomplete. After the parties were unable to resolve their continuing dispute regarding these documents, Defendants filed the instant Motion to Compel Production of Documents on February 1, 2001.

In the Motion to Compel Production of Documents, Defendants ask the Court to "overrule the Youell's objections to production and order Youell to disclose the existence of and produce the requested documents." Doc. 101 at 3. Because Defendants now appear to seek the actual *production* of these eight categories of documents rather than the mere *disclosure* of documents under Rule 26(a)(1), the Court will deny as moot the Motion to Compel Initial Disclosures *as it relates to documents* and will proceed to determine whether Youell is required to produce the requested eight categories of documents pursuant to the Motion to Compel Production of Documents.

The Court, however, does not find that the Motion to Compel Initial Disclosures is moot as it applies to the disclosure of information about *individuals* under Fed.R.Civ.P. 26(a)(1)(A), *i.e.*, those individuals "who are likely to have discoverable information relevant to dispute facts alleged with particularity in the pleadings." The Court will therefore rule on the Motion to Compel Initial Disclosures as it relates to individuals. See Part IV below.

## II. Background Information Regarding This Case

This action arises out of a controversy between the parties regarding the availability of insurance coverage under a Certificate of Insurance, Certificate No. DOM 3000357 (the "Certificate"). The Certificate was issued by certain underwriters ("Underwriters") at Lloyd's, London ("Lloyd's") to Defendant Stoico Restaurant Group, Inc. ("SRG") and its officers and directors. Youell filed this action against SRG and Cynthia F. Grimes, SRG's "Designated Representative," seeking declaratory relief on behalf of himself and the other Underwriters.

The Certificate is a Directors and Officers and Company Reimbursement Indemnity Certificate ("Certificate"). (A copy of the Certificate is attached to David Shears' Declaration, Exhibit A to Plaintiff's Objection to Defendants' Motion for Leave to Name Syndicate No. 79 and Its Participating Members as Parties to Defendants' Counterclaim (doc. 70)). The Certificate contains a "Cooperation Clause" that requires the "Assureds" (SRG and its officers and directors) to pro-

vide the Underwriters with information, assistance, and cooperation as reasonably requested by the Underwriters. *Id.;* Clause IX of the Certificate. The Cooperation Clause also requires the Assureds to refrain from taking any action that would increase the Underwriters' exposure under the Certificate. *Id.*

In 1997, a lawsuit was filed against SRG and its officers and directors by Billy and Grace Balee and Ashok Shah (the "Balee Lawsuit")[1], on behalf of themselves and a class of shareholders who purchased SRG common stock in an initial public offering in 1996. The Balee Lawsuit alleged that SRG and its officers and directors had committed securities fraud in connection with the initial public offering. Prior to resolving the Balee Lawsuit, SRG filed for relief under Chapter 11 of the Bankruptcy Code. Defendant Grimes was appointed the Designated Representative of SRG, and the Bankruptcy Court issued an order confirming SRG's Amended Plan of Reorganization.

In the instant lawsuit, Youell alleges that Defendants breached the requirements of the Cooperation Clause by filing an answer in the Balee Lawsuit admitting all of the essential allegations of the Balee complaint and by failing to assert any defenses. Amended Complaint for Declaratory Relief (doc. 43), ¶ 1. Youell claims that as a result of Defendants' actions, the Balee plaintiffs increased their settlement demand. This in turn caused Defendants to demand that the Underwriters consent to settling the Balee Lawsuit for $1.7 million. *Id.,* ¶¶ 39–40.

Youell seeks declaratory relief on behalf of himself and the other Underwriters on the Certificate. *Id.,* Introductory Paragraph at p. 1 and ¶ 2. He seeks a judicial declaration that SRG, through Grimes, breached the Cooperation Clause of the Certificate, thereby precluding any coverage for, or monetary payment to, Grimes and SRG in connection with the Balee Lawsuit, including payment of any defense costs, any judgment to be entered in the Balee Lawsuit, and any settlement of the Balee Lawsuit. *Id.,* ¶ 44. Alternatively, Youell seeks a judicial declaration that the Certificate's "Assured vs. Assured" exclusion excludes coverage for that part of the Balee Lawsuit which was brought on behalf of, or at the direction of, SRG against its own directors and officers. *Id.,* ¶ 1.

In a Memorandum and Order filed the same date as this Memorandum and Order, the Court has granted Defendants leave to assert a counterclaim against the Participating Members of Syndicate No. 70. Among other things, the Counterclaim seeks a declaration that (1) the Certificate affords coverage to SRG for the claims asserted in the Balee Lawsuit; (2) no exclusion bars coverage for the claims asserted in the Bale Lawsuit; (3) the Underwriters have acted in bad faith in investigating certain matters and in refusing to consent to the settlement proposed by the Balee plaintiffs, thereby materially breaching the Certificate; and (4) Defendants have not breached any provision of the Certificate. Counterclaim (doc. 50), ¶ 12.

### III. Defendants' Motion to Compel Production of Documents (doc. 101)

#### A. Category 1

In Category 1, Defendants seek the following documents:

MGA or TPA-type agreements and documentation under which Special Program Management, Inc. (or any other their party) [sic] conducted business for Syndicate No. 79 with respect to the D & O certificates of which DOM 30000357[2] is one.

Youell objected[3] to producing these documents on the grounds that the request is unlimited in scope and time, the documents are irrelevant and will not lead to the discovery of admissible evidence, and the documents are "confidential business informa-

---

1. The Balee Lawsuit, which was originally filed in state court, was removed to this Court and is presently pending. *See* Case No. 00–1186–MLB.

2. This request (as set forth in Defendant's Motion to Compel, doc. 101) mistakenly identifies the certificate as "DOM 30000357." The proper identification is "DOM 3000357."

3. Youell's objections to the eight document "requests" are found in his counsel's October 19, 2000 letter to defense counsel. *See* Attachment 1 to Doc. 101.

tion." The Court will first address Youell's objections as to relevancy.

In *McCoo v. Denny's Inc.*, 192 F.R.D. 675 (D.Kan.2000), this Court summarized the discovery rules regarding relevancy as follows:

> Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter to the action. A request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action. When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

*Id.* at 685–86 (internal quotations and citations omitted).

Conversely, when the relevancy of propounded discovery is not apparent, its proponent has the burden to show the discovery relevant. *Simmons Foods, Inc. v. Willis*, No. 97–4192 RDR, 2000 WL 204270 (D.Kan. Feb. 8, 2000); *Pulsecard, Inc. v. Discover Card Serv., Inc.*, 168 F.R.D. 295, 309 (D.Kan.1996). *See also McCoo*, 192 F.R.D. at 693 (denying motion to compel production of documents where moving party failed to demonstrate how her request for production, which appeared irrelevant on its face, was relevant or would lead to the discovery of admissible evidence).

Here, the Court cannot say that the relevance of this request is apparent on its face. Defendants do not explain what a "MGA or TPA-type agreement" is. Nor do they explain why this information should be provided as to "the D & O certificates" and not just DOM 3000357, which is the only insurance certificate at issue in this case. Moreover, Defendants make only vague, general statements about these documents in their motion to compel. They state that these agreements "are discoverable as possible evidence of the Underwriters interpretation of the [Cooperation] Clause." Doc.101 at 7. They also state that "disputes over the [sic] Youell's standing and capacity, the meaning and application of the Cooperation Clause, and the Underwriter's lack of good faith performance and waiver give discovery a wide scope that clearly encompasses all Eight Categories." *Id.* at 8.

While the Court agrees that the interpretation and application of the Cooperation Clause and the Underwriters' alleged lack of good faith performance under the Certificate are pertinent to this case, Defendants fail to explain how the "MGA or TPA-type Agreements" requested here for DOM 3000357 or any other "D & O certificate" relate to those issues. Accordingly, the Court finds that Defendants have not met their burden to show that these agreements are relevant or that they may lead to the discovery of admissible evidence. The Court will therefore sustain Youell's relevancy objection and deny the Motion to Compel Production as to this request. Because the Court sustains Youell's relevancy objection, the Court need not address his other objections to this request.

## B. Category 2

In Category 2, Defendants seek the following:

> Internal claims notices and other materials about the *Balee* case received or generated by Special Claims Management, Inc. (or other third party administrator types).

### 1. Assertion of work product immunity, attorney-client privilege, and other privileges

Youell objected to this request "to the extent it seeks the production of documents which are protected by the attorney client privilege and work product privileges, the common interest privilege, the joint defense privilege or any other applicable privilege." Attachment 1 to Doc. 101.

While Youell did not identify any of the claimed privileged documents that were responsive to this particular request, he did provide Defendants with an 108–page privilege log identifying over 300 claimed privileged documents. *See* Ex. D. to doc. 110. For each document identified, the log pro-

vides the following information: Bates-stamp number, date, author, recipient, and carbon copy recipient. In addition, the log contains a category labeled "Document Description," which purports to describe the document's contents or, in some cases, information that is redacted. For example, the log describes a document as "Confidential Communication" or "Attorney client communication containing reserve information, mental impressions, conclusions, opinions, legal theories, attorney strategies, and legal opinions redacted." The log also sets forth the privilege and/or objection that Youell asserts in connection with each document.

Defendants find fault with the privilege log and Youell's assertion of the various privileges in two respects. First, Defendants argue that the privilege log is deficient because it does not adequately describe the subject matter of the document and gives only a general description of the basis on which the document is being withheld. Second, Defendants argue that with respect to certain claimed privileged documents (*e.g.,* communications between SRG's lawyers and the Underwriters' lawyers), no privilege should be recognized as a matter of law.

■ Before addressing each of these arguments, the Court will first set forth the rules regarding the assertion of privileges and work product protection. It is well established that the party asserting the privilege or work product protection has the burden of establishing that the privilege/protection applies. *McCoo v. Denny's, Inc.,* 192 F.R.D. 675, 680 (D.Kan.2000); *Boyer v. Board of County Comm'rs,* 162 F.R.D. 687, 688 (D.Kan.1995). To carry that burden, the party must make a "clear showing" that the asserted privilege/protection applies. *McCoo,* 192 F.R.D. at 680. Under Fed. R.Civ.P. 26(b)(5), when a party withholds documents or other information based on privilege or work product protection, the "party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."

■ Based on Rule 26(b)(5), this Court has held that the party asserting the privilege/protection must "describe in detail" the documents or information sought to be protected and provide "precise reasons" for the objection to discovery. *McCoo,* 192 F.R.D. at 680; *National Union Fire Ins. Co. v. Midland Bancor, Inc.,* 159 F.R.D. 562, 567 (D.Kan.1994). The information provided must be sufficient to enable the court to determine whether *each element* of the asserted privilege or protection is satisfied. *McCoo,* 192 F.R.D. at 680; *Jones v. Boeing Co.,* 163 F.R.D. 15, 17 (D.Kan.1995). A "blanket claim" as to the applicability of the privilege/work product protection does not satisfy the burden of proof. *McCoo,* 192 F.R.D. at 680; *Kelling v. Bridgestone/Firestone, Inc.,* 157 F.R.D. 496, 497 (D.Kan.1994).

■ Youell's privilege log does not meets these standards. In particular, the log does not describe each document and does not state the purpose for which each document was made (or in the case of alleged privileged notations, the purpose for which the notations were made). Thus, the Court is left without sufficient information to determine whether each element of the asserted privilege/protection is satisfied.

Given Youell's failure to provide the required information, the Court could grant Defendants' motion to compel as it applies to the claimed privileged/protected documents. The Court, however, will defer ruling on Defendants' motion to compel as it pertains to the claimed privileged/protected documents and direct Youell to provide to Defendants *within twenty (20) days from the date of filing of this Memorandum and Order* a list with "a detailed description of the materials in dispute and ... specific and precise reasons for [his] claim of protection from disclosure." *Simmons Foods, Inc. v. Willis,* No. 97–4192 RDR, 2000 WL 204270, at *5 (D.Kan. Feb. 8, 2000) (quoting *Snowden By and Through Victor v. Connaught Lab., Inc.,* 137 F.R.D. 325, 334 (D.Kan.1991); *Cypress Media, Inc. v. City of Overland Park,* 268 Kan. 407, 997 P.2d 681, at 692–93 (2000)). The description should include at least the following information for each document[4] withheld:

---

4. Part III.J. below addresses the preparation of a privilege log for redactions.

1. A description of the document (*e.g.*, correspondence, memorandum);
2. Date prepared;
3. Date of document (if different from # 2);
4. Who prepared the document;
5. For whom the document was prepared and to whom the document was directed (including all copies of the document);
6. Purpose of preparing the document;
7. Number of pages of each document;
8. Basis for withholding discovery of the document, *i.e.*, the specific privilege being asserted;
9. Any other pertinent information necessary to establish the elements of each asserted privilege.

See *Simmons Foods*, 2000 WL 204270, at *5 (setting forth requirements for privilege log).

 The Court notes that some documents identified in the present privilege log are described as "confidential business information." No privilege, however, exists for "confidential business information." *See Folsom v. Heartland Bank*, No. 98–2308–GTV, 1999 WL 322691, at *2 (D.Kan. May 14, 1999) (overruling objection of confidentiality and holding that "[c]onfidentiality does not equate to privilege") (citing *Federal Open Mkt. Comm. v. Merrill*, 443 U.S. 340, 362, 99 S.Ct. 2800, 61 L.Ed.2d 587 (1979)). Moreover, confidentiality does not constitute grounds to withhold information from discovery. *Folsom*, 1999 WL 322691, at *2. Thus, no privilege should be claimed in the new privilege log solely on the basis that the document is confidential or contains confidential business information.

In the event Defendants find that the new privilege log Youell submits to them is deficient or that any claim of privilege/protection is inadequate or has been waived, Defendants should follow the procedure and briefing schedule set forth below in Part III.K.

## 2. *Vagueness, overbreadth, and relevance*

In addition to asserting various privileges and work product protection, Youell objected to producing the documents requested in Category 2 on the basis that the request (a) is vague; (b) is overly broad because it is unlimited in time and scope; and (c) seeks irrelevant documents. Subject to those objections, Youell did agree, however, to produce all "non-privileged and relevant documents that are in the possession of Special Program Management, Inc. that relate to the Balee claim." Doc. 101, Attachment 1.

### a. *Vagueness*

 The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity. *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D.Kan. 2000); *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 310 (D.Kan.1996). A party responding to discovery requests "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories." *McCoo*, 192 F.R.D. at 694. If necessary to clarify its answers, the responding party may include any reasonable definition of the term or phrase at issue. *Id.*

 The Court does not find that Youell has carried his burden to show that this request is vague. Youell does not explain why he thinks the request is vague. While he may be asserting that the term "third party administrator types" is vague, common sense would dictate that Defendants are simply referring to third party administrators. At the very least, Plaintiff could have qualified his answer, making it clear that he was only responding with documents received or generated by Special Claims Management, Inc. and that he was unsure as to what the phrase "third party administrator types" meant. The Court will therefore overrule Youell's vagueness objection.

### b. *Overbreadth*

 Unless a request is overly broad on its face, the party resisting discovery has the burden to support its overbreadth objection. *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 686 (D.Kan.2000). The Court does not find this request overly broad on its face, and Youell does not explain his objection that it is unlimited in time or scope. The request is already limited to those documents that are *about the Balee case*. The Court sees no need to limit the request any further. This objection is therefore overruled.

## c. Relevance

The Court finds that the request is relevant on its face, as it requests documents that relate to the Balee claim. Youell does not explain why he believes the request irrelevant. The Court therefore overrules this objection.

## d. Summary of ruling

The Court overrules Youell's objections as to vagueness, overbreadth, and relevance. The Court therefore grants the Motion to Compel as to Category 3, and Youell shall produce all non-privileged/protected documents responsive to this request. To the extent Youell claims that any documents responsive to this request are privileged or protected by work product immunity, those documents shall be identified in the privilege log described above in Part III.B.1.

The Court notes that Youell states in his responsive brief that he has agreed "to produce all non-privileged documents *in the possession of Special Program Management, Inc.* that relate to the Balee claim." (Doc. 110 at 5) (emphasis added). Youell apparently believes that he has fulfilled his Fed. R.Civ.P. 34 obligation by producing those documents that are in the possession of that third party. Rule 34, however, requires a party upon whom a document request is served to produce documents that are in the party's "possession, custody or control." Youell's statement that he will produce those documents that are *in the possession of Special Program Management, Inc.* is therefore not responsive to the request and does not fulfill his Rule 34 obligation. Youell must produce those documents that are in *his possession, custody or control—not in the possession of Special Program Management, Inc.* To the extent that Youell has control over any responsive documents in the possession of Special Program Management, Inc., those documents must also be produced.

This general principle applies not only to this particular request for Category 2 documents but to all of the other document requests at issue here. Thus, to the extent this Memorandum and Order directs Youell to produce documents, Youell is required to produce all documents that are in his "possession, custody or control."

## C. Category 3

In Category 3, Defendants seek the following:

> Claims handling, adjustment and settlement evaluation manuals, guidance's [sic], and similar materials.

Youell objected to this request on the basis that the request seeks irrelevant documents and is vague and unlimited in time and scope. Youell asserts that the events at issue in this case took place during a limited time period—from October 1997 through April 2000. He further states that in light of Judge Lungstrum's February 8, 2001 ruling on Plaintiff's Motion to Dismiss, he will search for responsive documents covering that time period.

The Court agrees that the request is overbroad because it is unlimited as to time. The Court, however, believes that the time period identified by Youell should be expanded to the present date since Defendants' Counterclaim contains at least one allegation of continuing misconduct. *See* Counterclaim (doc. 50), ¶ 9 ("The Underwriters have refused and *continue to refuse* ... to articulate any basis for evaluating exposure in the Balee Litigation as less than the $1.4 million ....") (emphasis added).

In light of the above, the Court will sustain Youell's overbreadth objection to the extent that Defendants seek these documents for any time period other than October 1997 to the present.

The Court will overrule Youell's objection that the request seeks irrelevant documents. The Court finds the requested documents relevant in light of the bad faith allegations pled in Defendants' Counterclaim. The Court will also overrule Youell's vagueness objection as unsupported.

Accordingly, the Court will order Youell to produce all Category 3 documents for the time period October 1, 1997 to the present.

## D. Category 4

In Category 4, Defendants seek "[r]eserve loss documentation." Youell objected to this request on the basis that it seeks irrelevant documents and it is unlimit-

ed in time and scope. He also objected because the reserve loss documents "contain confidential business information" and are protected by the attorney-client privilege and work product doctrine.

Defendants contend that these documents "are discoverable as possible evidence of the Underwriters interpretation of [the Insured vs. Insured] exclusion." Doc. 101 at 8. Defendants also assert generally that the "disputes over the Youell's standing and capacity, the meaning and application of the Cooperation Clause, and the Underwriter's lack of good faith performance and waiver give discovery a wide scope that clearly encompasses all Eight Categories." *Id.*

The Court does not find this request relevant on its face. Accordingly, Defendants have the burden to show how it is relevant. Defendants' mere assertion that these documents are relevant because they are "possible evidence" of the Underwriters' interpretation of the Insured vs. Insured exclusion does not meet that burden—the Court is still at a loss to understand how this information might shed light on how the Underwriters interpret the exclusion. The other conclusory assertions by Defendants also do not assist the Court in determining the relevance of the requested reserve loss documents.

Moreover, as Youell points out, numerous courts have held in similar circumstances that this information is irrelevant. *See, e.g., American Protection Ins. Co. v. Helm Concentrates, Inc.,* 140 F.R.D. 448, 450 (E.D.Cal. 1991) (reserve information not discoverable even in light of claim that insurer acted in bad faith in denying claim); *Leksi, Inc. v. Federal Ins. Co.,* 129 F.R.D. 99, 106 (D.N.J. 1989) (reserve information not discoverable despite contention that it was necessary to gain insight into insurers' interpretation of the scope of coverage provided); *Taxel v. Equity General Ins. Co.,* 80 B.R. 512, 517 (S.D.Cal.1987) (plaintiff not entitled to loss reserve information in claim against insurance agent for bad faith denial of claim; reserve does not equate with an admission of liability or the value of any particular claim).

In light of the above, the Court will sustain Youell's relevancy objection and will deny the motion to compel as to Category 4 documents. Because the Court is sustaining the relevancy objection, the Court need not address any of Youell's remaining objections or claims of privilege or work product protection as to these documents.

### E. Category 5

■ In Category 5, Defendants seek "[c]laims management reporting materials." Youell objected on the basis that the request seeks irrelevant documents, is vague, and is unlimited in time and scope. He also objected to the extent that the request seeks documents protected by the attorney-client, work product, common interest and joint defense privileges, and "any other applicable privilege." He did state, however, that subject to those objections, he would produce all non-privileged and relevant documents that relate to the Balee claim.

As in the case of many of the other requests, Defendants merely state that these documents are discoverable "as possible evidence of the Underwriters interpretation of [the Insured vs. Insured] exclusion" and make the same conclusory statement that the "disputes over the Youell's standing and capacity, the meaning and application of the Cooperation Clause, and the Underwriter's lack of good faith performance and waiver give discovery a wide scope that clearly encompasses all Eight Categories." Doc. 101 at 8.

The Court will uphold Youell's relevance and overly broad objections to the extent the request seeks documents unrelated to the Balee claim. The Court notes that Youell states in his response to the Motion to Compel that he has produced all non-privileged claims management reporting material that relate to the Balee claim. Thus, no additional documents responsive to this request need to be produced at this time. However, in accordance with the above discussion regarding privilege issues (*see* Part III.B.1.), Youell's privilege log must identify any documents responsive to this request relating to the Balee claim that Youell contends are privileged or protected work product.

### F. Category 6

In Category 6, Defendants seek the following: ·

Correspondence, telephone communication records and other materials relating to communications with any Stoico Restaurant Group, Inc. director, officer, employee, professional, investor or other agent.

Youell asserted the same objections and privileges to this request that he asserted in response to the request for Category 5 documents (with the exception that he asserts *attorney* work product rather than work product protection). He stated, however, that without waiving those objections, he would produce all non-privileged and relevant documents that relate to the Balee Claim. Defendants do not specifically discuss this request in their Motion to Compel Production, other than to state that the documents are discoverable "as possible evidence of the Underwriters interpretation of this exclusion." Doc. 101 at 8.

The Court will overrule Youell's objection that the request is vague. It will, however, sustain Youell's relevance and overly broad objections to the extent the request seeks documents unrelated to the Balee claim. Youell asserts in his responsive brief that he has already produced all responsive non-privileged documents that relate to the Balee claim. To the extent Youell contends he has privileged documents responsive to this request that relate to the Balee claim, he shall identify those documents in his new privilege log.

### G. Category 7

In Category 7, Defendants seek all "[s]tatements taken in relation to any matter to [sic] relating to governance or the affairs of Stoico Restaurant Group, Inc." Youell asserted the very same objections and privileges to this request that he asserted in response to the request for Category 6 documents. He further stated that, without waiving those objections, no such statements had been taken.

The Court agrees with Youell that this request is overly broad in its scope. The Court will limit this request so that it applies only to the Balee claim. The Court overrules Youell's remaining objections.

Accordingly, the Court grants Defendant's motion to compel in part and will compel Youell to produce all responsive statements relating to the Balee claim or to identify them in the privilege log if Youell contends they are protected by work product immunity or some other privilege. Youell, however, states that no statements have been taken, and the Court cannot compel the production of documents that do not exist. In the event that any such statements relating to the Balee claim should be taken in the future, Youell will be required to produce them, or if he wishes to claim they are protected work product or otherwise privileged, to identify them in his privilege log.

### H. Category 8

In Category 8, Defendants seek the following:

All of that other documentation was [sic] received or created in connection with decisions to approve engagement of counsel, investigation of the claim, settlement discussions, the Stoico bankruptcy and other matters relating to this claim and Certificate No. DOM 3000357.

Defendants claim these documents are relevant as "possible evidence of the Underwriters interpretation of this exclusion." Doc. 101 at 8. Youell asserted the same objections to this request as he asserted in response to the request for Category 6 and 7 documents. He also stated that, without waiving those objections, he would produce all non-privileged documents that relate to the Balee claim. Youell states in his responsive brief that he has in fact produced all non-privileged documents that relate to the Balee claim. He argues that documents which relate to Certificate No. DOM 3000357, but which do not relate to the Balee claim, are irrelevant.

While the Court finds that this request is rather inartfully worded, the Court does not find it to be so vague that a response cannot be given. Youell's vagueness objection is therefore overruled.

Turning to Youell's relevance and overbreadth objections, the Court finds those objections valid to the extent the request seeks documents relating to Certificate DOM 3000357 that do not also relate to the Balee claim. While DOM 3000357 is the certificate at issue in this case and the one that gives

rise to coverage, if any, for the Balee claim, Defendants fail to explain in what way the requested documents relating to the SRG bankruptcy or any other matters relating to Certificate No. DOM 3000357 (*e.g.*, the Spaghetti Jack's Litigation) are relevant to this case or how they may lead to the discovery of admissible evidence. The Court will therefore sustain Youell's overly broad and irrelevant objections to the extent the request seeks documents that relate to Certificate DOM 3000357 but that do not also relate to the Balee claim.

In light of the above, the Court will grant the motion to compel only as to the requested documents that relate to the Balee claim and will order Youell to produce all such non-privileged documents, to the extent he has not already done so. If Youell has any Category 8 documents that he claims are privileged, he shall identify those in his new privilege log. The Motion to Compel Production of Category 8 documents is denied in all other respects.

## I. "Topside" Documents

Defendants assert in their Motion to Compel Production that Youell has refused to produce numerous so-called "topside" documents. Defendants describe these documents as being "topside" to the Hanson & Peters Law Firm ("Hanson & Peters"). They explain that Hanson & Peters was the law firm which interviewed and approved the engagement of defense counsel in the Balee Lawsuit, gathered documents in connection with the Balee Lawsuit, prepared written reports of the Balee Lawsuit, and directed the 1997–1998 settlement negotiations with the Balee plaintiffs. Doc. 101 at 4. The "topside" documents are therefore those documents that were "collected or maintained by agents of the Underwriters in investigation and adjustment of claims to coverage under the Certificate" in connection with the Balee Lawsuit. *Id.*

Defendants state that their counsel has repeatedly requested Youell to produce these "topside" documents. They assert that all of these documents fall within the eight categories of documents specifically requested, but they fail to identify which categories. According to Defendants, the "topside" documents include documents maintained by Youell; Syndicate No. 79; Willis Corroon Professional Risks; Janson Green, Ltd.; Swett & Crawford; Special Programs Managements, Inc.; and Willis Faber & Dumas, Ltd. They claim that as of February 9, when the instant motion to compel was filed, no such documents maintained by Youell, Syndicate No. 79, Swett & Crawford, or Willis Faber & Dumas had been produced, and that only three such documents were produced from the files of Willis Corroon Professional Risks and only two such documents from the files of Janson Green.

Youell does not dispute that various "topside" documents exist nor does he deny Hanson & Peters' role in the Balee Lawsuit. He does, however, dispute that he owes Defendants any additional "topside" documents. He states that he has produced all non-privileged "topside" documents that he has not specifically objected to producing in response to the eight categories of requested documents. He adds that he has produced all non-privileged documents contained in the Hanson & Peters file (doc 1–1144), the Willis Corroon file (doc. 1145–1280), the Janson Green File (doc. 1281–1336), and the Special Program Management file (doc. 1337–1438). He explains that Syndicate No. 79 is the Janson Green syndicate and that there is no Syndicate No. 79 file other than the Janson Green file, from which all non-privileged documents have been produced. He further explains that he has informed Defendants he personally possesses no responsive documents.

As noted above, Fed.R.Civ.P. 34(a) requires a party responding to a request for production to produce all responsive documents in its "possession, custody or control." Thus, Youell must produce not only those responsive documents that are in his "possession," but also those documents that are in his "custody or control." A party may retain the requisite control or custody of documents even if they are outside the party's actual possession. *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 692 (D.Kan.2000); *Pulsecard, Inc. v. Discover Card Services, Inc.,* 168 F.R.D. 295–307 (D.Kan.1996). Given the unusual posture of the instant motion to com-

pel, it is not clear from Youell's response that he has produced all non-privileged "topside" documents responsive to the eight requests that are *in his possession, custody or control.* To the extent he has not produced all such documents, he shall do so, unless he claims that certain responsive documents are privileged or protected, in which case, he shall identify them in his new privilege log.

## J. Redaction of Documents

Defendants state that Youell has produced many partially redacted documents and that Youell has failed to explain what was redacted. or why the redactions were made. Thus, in addition to moving to compel the production of the "topside" documents and the eight categories of documents, Defendants ask the Court to order Youell to explain why each redaction was made and to state the legal authority for making each redaction. Youell responds that the privilege log he provided Defendants identifies (1) the specific Bates number page upon which the redaction was made; (2) the nature of the information redacated from the document; and (3) the privilege/grounds for the redaction.

The Court finds that the privilege log is insufficient to support Youell's assertion of privileges as to redactions. The Court will order Youell to provide a separate privilege log for redacted documents that shall contain the following information.

For each *document* that has been redacted, the log shall provide the following:

1. A description of the document containing the redaction (*e.g.*, correspondence, memorandum);

2. Date the document was prepared;

3. Date of document (if different from # 2);

4. Who prepared the document;

5. For whom the document was prepared and to whom the document was directed (including all copies of the document); and

6. Number of pages of the document;

In addition, the log shall provide the following information for each *redaction:*

1. Date the redacted information was prepared or the redacted notation made;

2. Who prepared the redacted information or made the notation;

3. For whom the redacted information was prepared or the notation made and to whom the redacted information or notation was directed (including all copies);

4. Amount of material redacted (*e.g.*, two sentences, one paragraph, two pages)

5. Purpose of preparing the redacted portion of the document or making the notation;

6. Basis for withholding discovery of the redacted portion or notation; and

7. Any other pertinent information necessary to establish that the redacted portion or notation is privileged.

## K. Briefing Schedule on Privilege Log Issues

If Defendants finds either or both of the new privilege logs deficient or any claim of privilege/protection inadequate or waived, Defendants may, after satisfying the duty to confer under Fed.R.Civ.P. 37 and D. Kan. 37.2, move to compel production of the documents, by filing a supplemental brief in support of the instant Motion to Compel Production of Documents. Any such supplemental brief shall be filed *within twenty (20) days after service of the privilege log at issue.* To the extent Defendants wish to reassert the arguments made in their Motion to Compel Production of Documents, or to assert arguments for the first time, that any asserted privilege/protection should not be recognized as a matter of law, Defendants shall assert or reassert those arguments in the supplemental brief. Youell shall have *ten (10) days* to respond to Defendants' supplemental brief. The Court will defer ruling on all remaining privilege, work product protection, and redaction issues until such briefing is complete. If no supplemental brief is received from Defendants within the time frame set forth above, the Court will deny the Motion to Compel Production of Documents as moot with respect to privilege, work product protection, and redaction issues.

## IV. Defendants' Motion to Compel Disclosures (As It Applies to Individuals) (doc. 47)

Defendants request that Youell be compelled to identify "each and every participat-

ing underwriter in Syndicate No. 79, and each and every person who has had some role in the handling and adjusting the coverage claims asserted because of the Balee Litigation." Doc. 47 at 6. Youell fails to address this issue in his response to the Motion to Compel Disclosures.

The Court finds that these individuals should be disclosed, particularly in light of the Court's Memorandum and Order filed on the same date as this Memorandum and Order, in which the Court grants in part Defendants' Motion for Leave to Name Syndicate No. 79 and Its Participating Members as Parties to Counterclaim (doc. 66). The Court will therefore grant Defendants' Motion to Compel Disclosures to the extent it requests that Youell be compelled to identify the participating Underwriters in Syndicate No. 79 and the persons who had some role in the handling and/or adjusting of the Balee claim. *Within ten (10) days of the filing of this Memorandum and Order,* Youell shall provide Defendants with the Rule 26(a)(1)(A) information pertaining to these individuals.

## V. Defendants' Request for Sanctions Incurred in Filing Their Motion to Compel Initial Disclosures (doc. 47–2) and Youell's Cross Request for Sanctions Incurred in Responding to Defendants' Motion to Compel Initial Disclosures (doc. 59)

### A. Defendants' Request for Sanctions

Defendants seek to recover the fees and costs they incurred in filing their Motion to Compel Initial Disclosures, arguing that Youell lacked substantial justification for failing to provide complete initial disclosures. Federal Rule of Civil Procedure 37(a)(4)(C) allows a court to impose sanctions where, as here, a motion to compel disclosures is granted in part and denied in part. Under that rule, the court may "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." Fed.R.Civ.P. 37(a)(4)(C).

In this case, the Court has granted the Motion to Compel Initial Disclosures as it applies to individuals. The Court deems it just to allow Defendants to recover the reasonable expenses, including attorney fees, that Defendants incurred in bringing the Mo-

tion to Compel Initial Disclosures as it applies to individuals. The Court will therefore grant in part and deny in part Defendants' request for sanctions incurred in bringing their Motion to Compel Initial Disclosures.

To aid the Court is determining the proper amount of sanctions, the Court will ask Defendants' counsel to file (1) an affidavit itemizing the expenses, including attorney fees, that Defendants incurred in bringing the Motion to Compel Initial Disclosures, and (2) a memorandum, explaining how the Court should apportion the fees and expenses. Said memorandum and affidavit shall be filed within *thirty (30) days of the filing of this Memorandum and Order.* Youell shall have *twenty days thereafter* to file a response to the memorandum and affidavit. After receiving those pleadings, the Court will issue an order apportioning the expenses and fees and specifying the amount and time of payment.

### B. Youell's Cross Request for Sanctions

As the Court has granted in part Defendants' Motion to Compel Initial Disclosures, the Court does not find that motion to have been "frivolous," as Youell asserts. The Court will deny Youell's cross-request for sanctions.

## VI. Youell's Motion to Strike Defendants' Motion to Compel Initial Disclosures (doc. 110)

Youell asks the Court to strike Defendants' Motion to Compel Initial Disclosures on the basis that Defendants' motion was rendered moot by virtue of Plaintiff producing documents to Defendants. As set forth above, the Court has denied as moot the Motion to Compel Initial Disclosures with respect to documents, as the documents at issue were treated as requests for production and ruled on in the context of Defendants' Motion to Compel Production of Documents (doc. 101). The Court has granted the Motion to Compel Production of Documents in part. The Court has also granted the Motion to Compel Initial Disclosures as it applies to individuals. The Court therefore finds no basis to strike the Motion to Compel Initial

Disclosures, and will deny Youell's Motion to Strike.

## VII. Youell's Motion for Sanctions for Disclosing Confidential Information in a Public Filing (doc. 110)

In Youell's Response to Defendants' Motion to Compel Production of Documents, Youell requests that the Court sanction Defendants for attaching to their Motion to Compel Production of Documents two documents that were stamped "Confidential." Youell asserts that these documents were designated "confidential" pursuant to the parties' stipulated Protective Order (doc. 62) and that they should have been filed under seal when submitted to the Court in a pleading. Defendants have not filed a response to the Motion for Sanctions.

Although the Court could treat the Motion for Sanctions as unopposed and grant it, the Court prefers to issue an Order to Defendants to show cause in a written pleading, within twenty *(20) days from the date of filing of this Memorandum and Order,* as to why sanctions should not be imposed against them for their apparent violation of the Protective Order.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Compel Production of Documents (doc. 101) is granted in part and denied in part, as set forth herein. The Court will defer ruling on all remaining privilege, work product protection, and redaction issues until after Plaintiff Youell serves his new privilege logs and briefing is complete on privilege and word product protection issues under the schedule set forth herein. Each party shall bear his/her/its own costs, fees, and expenses incurred in connection with Defendants' Motion to Compel Production of Documents.

**IT IS FURTHER ORDERED** that Plaintiff Youell shall provide Defendants with a privilege log for all claimed privileged documents and a privilege log for all claimed privileged redactions, as set forth herein. Said privilege logs shall be served on Defendants *within twenty (20) days from the date of the filing of this Memorandum and Order.* If Defendants find either or both of the new logs deficient or any claim of privilege/protection inadequate or waived, Defendants may, after satisfying the duty to confer under Fed.R.Civ.P. 37 and D. Kan. 37.2, move to compel production of the documents, by filing a supplemental brief in support of the instant Motion to Compel Production of Documents. Any such supplemental brief shall be filed *within twenty (20) days of service of the privilege log at issue.* To the extent Defendants wish to reassert the same arguments made in their Motion to Compel Production of Documents, or to assert arguments for the first time, that any asserted privilege/protection should not be recognized as a matter of law, Defendants should assert or reassert those arguments in the supplemental brief. Youell shall have *ten (10) days to respond* to Defendants' supplemental brief. If no supplemental brief is received from Defendants within the time frame set forth above, the Court will deny the Motion to Compel Production as moot as to privilege, work product protection, and redaction issues.

**IT IS FURTHER ORDERED** that all documents required to be produced as a result of this Memorandum and Order shall be produced by Plaintiff Youell *within twenty (20) days of the date of the filing of this Memorandum and Order.* Said production shall take place at the offices of Defendants' counsel or at any other location agreed upon by the parties.

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel Initial Disclosures (doc. 47–1) as it relates to documents is denied as moot.

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel Initial Disclosures (doc. 47–1) as it applies to individuals is granted. Plaintiff Youell shall *within ten (10) days of the filing of this Memorandum and Order* serve on Defendants Rule 26(a)(1)(A) disclosures regarding the participating Underwriters in Syndicate No. 79 and the persons who had some role in the handling and/or adjusting of the Balee claim.

**IT IS FURTHER ORDERED that** Defendants' request for sanctions incurred in filing their Motion to Compel Initial Disclosures (doc. 47–2) is granted in part and denied in part. Defendants' counsel shall file (1) an affidavit itemizing the expenses, including attorney fees, that Defendants in-

curred in bringing the Motion to Compel Initial Disclosures, and (2) a memorandum, explaining how the Court should apportion the fees and expenses. Said affidavit and supporting memorandum shall be filed within *thirty (30) days of the filing of this Memorandum and Order.* Youell shall have *twenty days thereafter* to file a response to the memorandum and affidavit

**IT IS FURTHER ORDERED** that Plaintiff Youell's cross-request for sanctions incurred in responding to Defendants' Motion to Compel Initial Disclosures (doc. 59) is denied.

**IT IS FURTHER ORDERED** that Plaintiff Youell's Motion to Strike Defendants' Motion to Compel Initial Disclosures (doc. 110) is denied.

**IT IS FURTHER ORDERED** that Defendants shall show cause, within twenty *(20) days from the date of filing of this Memorandum and Order,* as to why sanctions should not be imposed against them for their apparent violation of the Protective Order.

IT IS SO ORDERED.